**SECOND NAT. BK. OF HAMILTON v. OHIO CONT. PUR. CO. et.**

Ohio Appeals, 1st Dist., Butler Co.

Williams, Sohngen, Fitton & Beeler, Hamilton, for Bank.

White, Cannon & Spieth, Cleveland, and Shotts & Millikin, Hamilton, for Purchase Co.

HAMILTON, P.J.

**PERSONAL PROPERTY**
(420 C2) Conditional buyer's transfer to creditor of warehouse receipt for washing machines prior to delivery of the machines conveyed no better title than buyer had, and did not give tranferee lien, making him lien creditor under Sect. 8568 GC., as to whom unfiled conditional sales contract would be void.

(420 C2) Sect. 8568 GC., making unfiled conditional sales contracts void as to subsequent purchasers and mortgagees in good faith and for value and creditors does not protect prior creditors, prior creditors including those who become such prior to the date of the delivery of the property.

**DEBTOR and CREDITOR**
(210 C2) Bank making loan to buyer secured by pledge of warehouse receipt held a prior creditor not entitled to protection under Sect. 8568 GC., making unfiled conditional sales contract void as to subsequent purchasers and mortgagees in good faith and for value and creditors, where bank became creditor prior to time of delivery of goods to buyer.

(210 R) In conditional seller's replevin action to recover possession of machines from bank holding warehouse receipt as security for loan to buyer, evidence of buyer's previous transactions with bank involving same routine of financing purchases by pledge of warehouse receipt, held admissible as bearing on question of bank's good faith and want of notice as a subsequent purchaser within meaning of Sect. 8568 GC., making unfiled conditional sales contracts void as to such purchasers.

(420 C2) Bank making loan to buyer of machines before delivery of machines on his pledge of warehouse receipts as collateral security held not entitled to protection as subsequent purchaser in good faith and for value under Sect. 8568 GC., as regards unfiled condi-

tional sales contract, and bank secured no better title than the conditional sales vendee, especially where it was shown that bank had previously financed similar transactions.

## COMMERCIAL PAPER

(120 W2) Conditional buyer's pledge as collateral security of warehouse receipt for washing machines purchased, where given before time of delivery of the machines, gave pledgee no better title to the purchase than the pledgor had.

(Mills and Cushing, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.